# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0372V
Filed: February 24, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| SOPHIA HERRERA, * | |
|                 Petitioner, * | |
| v. * | |
| * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, * | |
|                 Respondent. * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*John Howie, Jr.*, Howie Law, P.C., Dallas, TX, for petitioner.
*Camille Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On March 23, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered Parsonage-Turner Syndrome caused-in-fact by the influenza vaccination she received on September 23, 2013. Petition at 1, ¶¶ 1, 16. On October 10, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 27).

      On February 14, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 31). Petitioner requests attorneys' fees in the amount of **$15,701.00** and attorneys' costs in the amount of **$645.25** for a total amount of **$16,346.25**. *Id.* at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

incurred no out-of-pocket expenses.  *Id.*  Additionally, in compliance with General Order #9, petitioner has filed a signed statement indicating she incurred no out-of-pocket expenses.  See Attachment to Petitioner's Motion for Attorneys' Fees and Costs.  On February 23, 2017, respondent filed a response to petitioner's motion. (ECF No. 32).

In his response, respondent states "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent does state that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent further states that the "Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent."  *Id.*  Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case."  *Id.* at 3.  Petitioner's counsel indicated by email on February 23, 2017, copying respondent's counsel on the correspondence, that petitioner did not wish to file a reply.  *See* Informal Communication, dated Feb. 24, 2017.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $16,346.25[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel John Howie, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                                             **s/Nora Beth Dorsey**
                                                                             Nora Beth Dorsey
                                                                             Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.